# HARRIS SUPERIOR COURT.

### MARCH TERM, 1842.

--------

### KENDRICK vs. GLOVER.

*Certiorari in Harris Superior Court, March Term, 1842.*

1. An open account is not assignable, so as to authorize the assignee to maintain an action in his own name.

2. A promise to pay the account to the assignee, is a mere naked promise, and does not confer the right to sue in his own name.

The petition, in this case, states, that the plaintiff, *Kendrick*, commenced an action against the defendant, *Glover*, in the Justice's Court, for the 695th dist. Ga. Mil., of said county, returnable to February Term, eighteen hundred and forty-two, upon an open account of eighteen dollars eighty-seven and a half cents, in favor of one *Cornelius D. Shell*, on which was endorsed these words, to wit: " I except the within account"—to which endorsement the name of the defendant was subscribed : that at the first term of the Court following the commencement of suit, the defendant appeared, and pleaded that he owed the plaintiff nothing—that at April term of the Court the case was carried to the appeal, by the consent of the parties, and at the May term following, was submitted to the Jury— that on the trial before the Jury, the account was exhibited in evidence, by the plaintiff, together with proof (to which the defendant objected) that at the time the endorsement above described was made on the account, the defendant promised the plaintiff to pay him, the plaintiff, the amount of the account. The petition further states, that the defendant then gave in evidence to the Jury a summons of garnishment in favour of one *William C. Osborn*, which was served on the defendant subsequent to his promise to pay the account to the plaintiff in the action below, requiring the defendant to appear in an attachment pending in the Justice's Court for the 672d dist. Ga. Mil. of said county, in favour of said *Osborn* against

[Kendrick vs. Glover.]

the said *Shell*, and answer what he was indebted to the said *Shell*—that the defendant then proved that he appeared in obedience to said summons of garnishment, and deposed that he was indebted to the said *Shell* in the matter of the account on which the suit in favour of *Kendrick* was instituted, and that thereupon judgment was entered up against the defendant as garnishee, at the instance of *Osborn*, for the sum of eighteen dollars and fifty cent—that execution was subsequently issued upon that judgment—and that by virtue of it the defendant was forced to pay, and did pay on the fifteenth day of March, in the year eighteen hundred and forty-two, the sum due from him upon the account, to the said *Osborn* : nevertheless, the Jury rendered a verdict in favour of the plaintiff, and against the defendant for the sum of eighteen dollars and fifty cents.

The petition complains that the Court below, committed error :

" 1. In allowing said account and words written on the back thereof, to go to the Jury as evidence of debt due from the defendant to the plaintiff.   2. In admitting the evidence of a promise on the part of the defendant, at the time of the making of the endorsement upon the account, to pay the same to the plaintiff.   3. The Jury committed error in finding a verdict against the petitioner after he had been compelled by due course of Law to pay the said debt, or amount of said account, under garnishment, to said *Osborn*, one of *Shell's* creditors."   The answer of the Justices to the writ of *certiorari* establishes the truth of the facts stated in the petition.

That open accounts are in their nature not negotiable either by verbal or written transfer, is a familiar principle of the Law.   The possession of the account in favour of *Shell*, by the plaintiff, was no proof, then, of the right of the plaintiff to demand the money due upon it.   Any acknowledgment, therefore, of the justice of the account, or any promise to pay it on the part of the defendant, even though made to the plaintiff in the case below, could have operated alone to the benefit of *Shell*, in whom the right and title to the account still rested.   No obligation, either legal or moral, seems to have existed on the part of the defendant, to pay the account to the plaintiff, and as no consideration in the way of gain on the one hand, or loss on the other, is alleged to have passed between the parties, the

[Kendrick vs. Glover.]

promise, if made by the defendant, was a mere naked one, and could have created no foundation, in Law, for the suit which was brought. Upon the plaintiff's own showing, then, the defendant was entitled to a verdict below. It is not important to discuss further the assignments of error.

Let the prayer of the petitioner be granted, and a new trial below be had.

### MARSHALL J. WELLBORN, J. S. C. C. C.

CREWES, for Glover.    INGRAM, for Kendrick.